UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCO J JULES** | **CASE NO.  2:22-CV-02140** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANT INSURANCE AGENCY INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Defendant Assurant Insurance Agency, Inc. ("Assurant") (Doc. 8) wherein the mover requests that the Court dismiss the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not filed an opposition to the Motion and the time for doing so has now lapsed.[1]

## FACTUAL STATEMENT

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana.  Plaintiff, Marco J. Jules, is the owner of property that was damaged by the Hurricane. Defendant, Assurant (or "American Security Insurance Company")[2], issued a policy of insurance to Quicken Loans, Inc. ("Quicken Loans"); the policy does not cover contents, additional living expenses, or loss of use damages. In addition, and more significantly, the policy issued does not name Mr. Jules as an insured or additional insured, or a third-party beneficiary.

---

[1] See Doc. 9, Notice of Motion Setting.
[2] Doc. 1-5 and Answer ¶ 6, Doc. 4.

Assurant/American Security adjusted Plaintiff's claim and paid $56,969.54 on dwelling coverage, and $11,242.00 on other structures coverage.[3] Plaintiff has failed to show any evidence that Assurant/American Security breached its contractual obligation to pay the reasonable costs incurred to perform "necessary measures taken solely to protect the insured property against further damage," within the meaning of the Reasonable Repairs coverage part.[4] Plaintiff has not disclosed any evidence that either he or the named insured lender, have actually incurred any such costs.[5]

The policy requires that Assurant/American Security pay all loss to the named insured lender, Quicken Loans.[6] There is no evidence that Assurant or American Security issued a policy of insurance to Plaintiff, Marco J. Jules.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[3] Doc. 1-3, 1-4 and 1-5.
[4] Doc. 1-2, p. 8, form MIP 233, Other coverages 3. "Reasonable Repairs."
[5] Defendant's exhibit A, Plaintiff's disclosures.
[6] *Id.* p. 20.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendant Assurant moves to dismiss the instant lawsuit because the Plaintiff has no legally cognizable claim to enforce the policy issued by American Security. *James v. American Security Ins. Co.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021); *Brown v. am. Modern Home Ins. Co.*, 2017 WL 2290268, at *6 (E.D. La. May 25, 2017); *Butler v American Security Insurance company*, 2019 WL 1714231 (M.D. La. Apr. 17, 2019);

*Farber v. Deutsche Bank Nt'l Tr. Co.*, 2020 WL 7773711, at *2 (E.D. La. Dec. 30, 2020); *Davis v. Am. §. Ins. Co.*, 2021 WL 4269199, at *2 (W.D. La. Sept. 20, 2021); *Turner v. Am. Security Ins. C*o*.,* 2022 WL 696907, at *1 (WD. La. Mar. 8, 2022).

As noted herein, American Security issued the subject policy to Quicken Loans. As such, Plaintiff has not right to enforce the policy and lacks standing to assert a bad faith claim.

## CONCLUSION

The Court agrees with Assurant that it is entitled to judgment in its favor and Plaintiff's suit must be dismissed.

**THUS DONE AND SIGNED** in Chambers on this 7th day of December, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**